# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| GRNR, INC., <br> d/b/a DALLAS METROPLEX <br> SERVICES, <br><br> Plaintiff, <br><br> vs. <br><br> KATHLEEN SEBELIUS, Secretary, <br> UNITED STATES DEPARTMENT <br> OF HEALTH AND HUMAN <br> SERVICES, and <br><br> PALMETTO GBA, LLC <br><br> Defendant. | § § § § § § § § § § § § § § § § § § § <br><br> CIVIL ACTION NO. 3:13-cv-3630 |

### PLAINTIFF'S ORIGINAL COMPLAINT - CLASS ACTION
### FOR MANDAMUS, INJUNCTIVE, AND DECLARATORY RELIEF

NOW COME, GRNR, Inc., d/b/a Dallas Metroplex (the "Plaintiff") files its Original Complaint for Mandamus, Injunctive, and Declaratory Relief against Kathleen Sebelius, Secretary of the United States Department of Health and Human Services (the "Defendant"), and alleges and avers as follows:

### INTRODUCTION

1. Plaintiff, a durable medical equipment suppler participating in the Medicare program, brings this suit seeking emergency mandamus relief, and, alternatively, injunctive and declaratory relief. Recently, Defendants initiated reviews to determine a medical equipment supplier's compliance with Medicare enrollment requirements. On July 18, 2013, Defendants revoked Plaintiff's billing privilege and terminated its Medicare

agreement when it concluded the supplier was "not operational." However, the government's sanction lacks *any* evidentiary basis whatsoever, and the action was taken with the knowledge that Plaintiff would be forced to shut down regardless of the impropriety of its decision. Defendants imposed the sanction merely because the medical equipment supplier was "closed" when the government investigator showed up at the store. The small minority-owned and operated business had posted a sign of its hours *as permitted* by 42 C.F.R. §424.57(c)(7)(D), and it stated the store was *not* open during lunch or when emergency repair calls were being made. Nevertheless, Defendants concluded Plaintiff was *not operational* – or no longer doing business – merely because the store was closed. In fact, Medicare durable medical equipment suppliers are only required to be open to the public 30 hours per week. Thus, no reasonable person would ever have concluded Plaintiff was "not operational" on these facts. Especially, when the government investigator had talked with Plaintiff by telephone on the very day of his visit and was invited to the store. It also should have been obvious to the investigator when he looked in the windowed store-front and saw a full inventory that Plaintiff was in business. In an attempt to cover up the illegitimate basis for the sanction, Defendants exaggerated the noncompliance by "piling-on" other violations that were *assumed* to have occurred because the store was closed. For example, the plaintiff was cited for not having current liability insurance because the government investigator was not able to view the policy. Indeed, Defendants declared Plaintiff was in violation of *all* supplier standards in §424.57(c) because the store was closed. This is an absurd interpretation and application of the regulations. Without doubt, the government took this administrative action to force

Plaintiff to shut down without just cause. It was imposed in a manner that the supplier's payments were *immediately* interrupted – without notice or the opportunity to avoid the sanction. *See* 42 C.F.R. §424.535(g). Defendants are well aware the administrative remedies to contest the sanction are ultimately unavailable to the supplier due to interminable delays in their adjudication. Thus, despite what is tantamount to a "death sentence" on Plaintiff, the government had no qualms about imposing this sanction *without having any evidence of noncompliance*. Not only is the administrative action improper under the Medicare Act, it also violates Due Process of Law. Defendants are acting under a clandestine policy to eliminate small minority-owned and operated businesses from federal healthcare programs, like Medicare, by taking unwarranted administrative actions to revoke their billing privileges. Accordingly, Plaintiff seeks mandamus relief to have this Court compel Defendants to exercise authority and impose the revocation of billing privileges in accordance with 42 C.F.R. §424.535, but not in the manner done here where the government lacks any evidentiary basis. Alternatively, Plaintiff seeks mandatory injunctive relief that requires Defendants to withdraw the revocation action. Further, Plaintiffs request money damages from the Medicare contractor for failing to exercise "due care" in the performance of its contractual duties and oversight responsibilities.

## PARTIES

2.      Plaintiff, GRNR, Inc., d/b/a Dallas Metroplex, is a Durable Medical Equipment Supplier located in Plano, Texas, that participates in the Medicare program. Defendant may be served through their registered agent Duncan S. Mcintosh at I-20 AT

Alpine Road Columbia, South Carolina 29219.

3. Defendant, Kathleen Sebelius, in her official capacity, is the Secretary of the United States Department of Health and Human Services ("HHS"), the governmental department which contains the Centers for Medicare and Medicaid Services ("CMS"), the agency within HHS that is responsible for administration of the Medicare and Medicaid programs. She may be served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure by serving the U.S. Attorney for the district where the action is brought, serving the Attorney General of the United States in Washington, D.C., by certified mail, and by serving the United States Department of Health and Human Services by certified mail.

4. Defendant, Palmetto GBA, LLC, is a Medicare contractor based in Columbia, South Carolina.

## JURISDICTION

5. This Court has jurisdiction over this action under 28 U.S.C. §1331 (federal question jurisdiction, 28 U.S.C. §1361 (jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff"), and the Administrative Procedure Act ("APA"), 5 U.S.C. §§551 *et seq.*

6. Alternatively, the Court has jurisdiction over the lawsuit pursuant 42 U.S.C. 405(g), 1395ii and 1395ff(b), and on the authority *of Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1 (2000). Specifically, by imposing sham sanctions, Defendants violate Plaintiff's constitutional right to Due Process of Law. In effect, Defendants'

improper and illegal actions taint the administrative remedies available to Plaintiff, and thus the supplier is left with "no review at all." Therefore, the exhaustion requirement is excepted under *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667 (1986). This exception was explicitly reaffirmed by *Illinois Council*, 529 U.S. at 19-23.

7. Alternatively, the Court has jurisdiction pursuant to 28 U.S.C. §1331 under the clandestine agency policy exception to the Medicare exhaustion requirement established by *Bowen v. City New York*, 476 U.S. 467 (1986). Defendants are acting under a clandestine policy to eliminate small minority-owned and operated businesses from federal healthcare programs, like Medicare, by taking unwarranted administrative actions to revoke their billing privileges. Defendants' improper and illegal actions have tainted the administrative remedies available Plaintiff.

8. Alternatively, the Court also has jurisdiction pursuant to 28 U.S.C. §1331 under the entirely collateral Constitutional claim exception to the Medicare exhaustion requirement established by *Mathews v. Eldridge*, 424 U.S. 319 (1976). Jurisdiction is based upon Plaintiff's constitutional claim that is collateral to a substantive claim for benefits.

## VENUE

9. Venue is proper in this Court under 42 U.S.C. §§505(g), 1395ii and 1395ff(b), and 28 U.S.C. §1391(b) and (e), and 5 U.S.C. §703.

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil

Procedure 23(a) and (b)(2) on behalf of itself and a Class consisting of healthcare suppliers participating in the Medicare program whose Constitutional right to Due Process of Law has been violated by Defendants failure to issue adequate notice which violates not only the Medicare Act but is a denial of Due Process of Law.

    11.    This action is properly maintainable as a class action because of the following:

        a.    <u>Numerosity</u>:  The members of the Class for whose benefit this action is brought are dispersed throughout the state and nationwide, and are so numerous that joinder of all Class members is impracticable.

        b.    <u>Typicality</u>:  Plaintiffs' claims are typical of those of the Class as all members of the Class are similarly affected by Defendants' actionable conduct as alleged herein.

        c.    <u>Common Questions of Law and Fact Predominates</u>:  The questions of law and fact common to the members of the Class predominate over any questions affecting individual members of the Class. Among the questions of law and fact common to the Class are:

            i.    Whether the Defendants violated the Medicare Act by imposing the revocation without just cause?

            ii.    Whether Plaintiff was impeded from fully exercising administrative remedies because of Defendants' improper imposition of revocation?

        d.    <u>Adequacy of Representation</u>:  Plaintiffs will fairly and adequately

       protect the interests of the Class in that it has no interests that are antagonistic to other members of the Class and have retained counsel competent in the prosecution of class actions to represent themselves and the Class.

    e.    <u>Injunctive/Declaratory Class</u>:  Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief proper with respect to the Class.

## CONDITIONS PRECEDENT

12.    All conditions precedent have been performed or have occurred.

## FACTS

14.    Plaintiff is durable medical equipment supplier located in Plano, Texas, that participates in the Medicare program.

15.    The medical equipment supplier is a small minority-owned and operated business.

16.    Recently, Defendants initiated reviews to determine medical equipment supplier compliance with Medicare enrollment requirements.

17.    On July 18, 2013, Defendant revoked Plaintiff's billing privilege and terminated its Medicare agreement when it concluded the supplier was "not operational" (Notice letter attached at Exhibit 1).

18.    On information and belief, Defendants' sanction lacks *any* evidentiary basis whatsoever, and the action was taken with the knowledge that Plaintiff would be forced to shut down regardless of the impropriety of its decision.

19. Defendant posted a sign of its hours *as permitted* by 42 C.F.R. §424.57(c)(7)(D), and it stated the store was *not* open during lunch or when emergency repair calls were being made (Sign attached at Exhibit 2).

20. In accordance with Medicare durable medical equipment suppliers are only required to be open to the public 30 hours per week.

21. Defendants imposed the revocation merely because the medical equipment supplier was "closed" when the government investigator showed up at the store.

22. The government investigator talked with Plaintiff by telephone on the very day of his visit and was invited to the store.

23. Plaintiff maintains a full inventory of DME Supplies that are visible by looking in the supplier's windowed store-front.

24. Although Defendants' assert an attempted visit to conduct a review, violations were *assumed* to have occurred because the store was closed.

25. Plaintiff was cited for not having current liability insurance because the government investigator was not able to view the policy.

26. Plaintiff had current liability insurance when the investigator came by and has since their founding.

27. Defendants found Plaintiff was in violation of *all* supplier standards in §424.57(c) based upon an assumption of noncompliance because the store was closed when the Government investigator attempted his visit.

28. Defendants imposed the revocation in a manner that Plaintiff's Medicare payments were *immediately* interrupted – without notice or the opportunity to avoid the

sanction.

29. On information and belief, Defendants have knowledge the administrative remedies available to Plaintiff to contest the sanction take over a year before they are adjudicated as a final decision.

30. On information and belief, Defendants are acting under a clandestine policy to eliminate small minority-owned and operated businesses from federal healthcare programs, like Medicare, by taking unwarranted administrative actions to revoke their billing privileges.

31. On information and belief, Palmetto GBA, the Medicare contractor, failed to exercise "due care" in the performance of its contractual duties and oversight responsibilities.

## REGULATORY BACKGROUND

### Appeal and Judicial Review

32. A determination by CMS or a CMS contractor that a supplier fails to meet the requirements for Medicare billing privileges requires notice including the reason for denial, and the right to appeal. See 42 C.F.R. §405.800. The suppliers right of appeal are defined under 42 C.F.R. §498.5. The supplier is first entitled to file a reconsideration request. The reconsideration request is reviewed by the hearing and appeals department of the National Supplier Clearinghouse.  The supplier is also entitled to a hearing before an ALJ. A supplier dissatisfied with a hearing decision may request Board review. All existing suppliers have the right to seek judicial review of the Board's decision.

## **CLAIMS FOR RELIEF**

### **Count 1 – Violation of the Medicare Act**

33. Plaintiff hereby incorporates by reference paragraph numbers 1 through 32 as if fully set forth herein.

34. The Medicare regulations at 42 C.F.R. §424.535 establish the reasons for imposing revocation of billing privileges and allocates the burden of persuasion and production to establish the sanction.

35. Defendants' imposition of the revocation of Plaintiff's billing privilege and the termination of its Medicare agreement because the supplier was "not operational" merely because the store was closed when the investigator visited is not a legally sufficient basis for imposing this sanction.

36. Accordingly, Defendants' failure to comply with the requisites of 42 C.F.R. §424.535 renders the initial determination revoking Plaintiff's billing privilege and terminating its Medicare supplier agreement null and void.

### **Count 2 – Violation of Due Process of Law**

37. Plaintiff hereby incorporates by reference paragraph numbers 1 through 36 as if fully set forth herein.

38. The Fifth and Fourteenth Amendments to the U.S. Constitution guarantee that no person shall be deprived of life, liberty, or property without Due Process of Law.

39. Defendants' revocation of Plaintiff's billing privilege and the termination of its Medicare supplier agreement based upon the store being closed at the time of the

investigator's visit is not a legally sufficient basis under 42 C.F.R. §424.535 for imposing this revocation, thus, imposition for this reason is , thus .

40. Further, as result of the illegal revocation action, Defendants have tainted the administrative appeal available to Plaintiff and the supplier is unable to adequately exercise the administrative remedies established under the Medicare Act.

41. Accordingly, Defendant violated Plaintiff's right to Due Process of Law by imposing the revocations on an illegal basis failing to give the requisite statutory notice of its initial determination and thereby preventing Plaintiff from fully exercising its administrative remedies.

### **Count 3 – Mandamus**

42. Plaintiff hereby incorporates by reference paragraph numbers 1 through 41 as if fully set forth herein.

43. The Mandamus Act, 28 U.S.C. §1361, provides that district courts shall have jurisdiction over any action in the nature of mandamus, and may compel an officer or employee of the United States or any agency thereof to perform a duty owed to Plaintiff.

44. The Supreme Court has held that mandamus is an appropriate remedy for "exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004). *See also In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (citing to the *Cheney* case).

45. Consequently, mandamus may issue only when the Plaintiff has a clear right to relief, the Defendant a clear duty to act, and no other adequate remedy exists.

46. Defendant had a plainly defined nondiscretionary duty when making initial

determinations to revoke billing privileges in accordance with 42 C.F.R. §424.535.

47. Defendant has failed to carry out that duty.

48. Plaintiff (and others similarly situated) have been irreparably injured as a result of Defendant's failure to carry out that duty.

49. Neither Plaintiff nor other similarly situated DME suppliers have an adequate remedy at law to redress Defendants' violation of 42 C.F.R. §424.535 or its right to Due Process of Law.

50. Accordingly, Plaintiff seeks to enforce Defendants' clear, non-discretionary, duty to revoke billing privileges in accordance with 42 C.F.R. §424.535 and abide by the constitutional guarantee of Due Process of Law when imposing the sanction.

## Count 4 – Declaratory Judgment

51. Plaintiff hereby incorporates by reference paragraph numbers 1 through 50 as if fully set forth herein.

52. Defendant violated 42 C.F.R. §424.535 and Due Process of Law by imposing revocation of billing privileges merely because the supplier was closed at the time of the investigator's visit.

53. Accordingly, Plaintiff requests a Declaratory Judgment pursuant to 28 U.S.C. §2201 and Federal Rule of Civil Procedure 57 that declares the relative rights of Plaintiff in connection with Defendant's imposition of the revocation of billing privilges under 42 C.F.R. §424.535.

## Count 5 - Monetary Damages

54. Plaintiff hereby incorporates by reference paragraph numbers 1 through 53 as

if fully set forth herein.

55.     The Limitation on Liability provision, 42 U.S.C. 1320c-6.(b), provides contractors may held liable if the contractor failed to exercise due care when performing their duties, functions or activities.

56.     Defendant contractor did not exercise due care in the performance of their duty when determining the Plaintiff was not operational. Defendant violated the Medicare Act and the Due Process of Law, and thus have failed to exercise due care in the performance of their duty to review Plaintiffs DME business.

57. Accordingly, Defendant failed to exercise due care and the plaintiff seeks monetary damages against the defendant.

## REQUEST FOR PRELIMINARY INJUNCTION

58.     Plaintiff will likely suffer irreparable injury if Defendant does not reinstate Plaintiffs Medicare Billing Privileges and the Medicare provider number while this suit is pending.

59.     The facts in paragraphs 14 through 31 do not support Defendants determination that the supplier was "not operational." Defendants improperly used this determination as the basis for imposing this revocation. Thus, there is a substantial likelihood that Plaintiff will prevail on the merits of its claim.

60.     The harm faced by Plaintiff outweighs the harm that would be sustained by Defendants if injunctive relief is extended because the revocation ultimately jeopardizes the health and safety of its Medicare patients, and defendants will only be required to pay for these services as required by law.

61. Clearly, the forced closure of the supplier and the risk of harm to its patients outweighs any damage the injunction poses to HHS.

62. Plaintiff asks the Court to set its application for preliminary injunction at the earliest possible time and, after hearing its request, to issue a preliminary injunction against Defendant.

## REQUEST FOR PERMANENT INJUNCTION

63. Plaintiff asks the Court to set its application for injunctive relief for a full trial on the issues in this application and, after the trial, to issue a permanent injunction against Defendants.

## PRAYER

64. For these reasons, Plaintiff asks for judgment against Defendant for the following:

    a. Issuance of a writ of mandamus to enforce Defendants clear, non-discretionary, to follow 42 C.F.R. 424.535 and abide by the constitutional guarantee of Due Process of Law imposing the sanction.

    b. Issuance of a declaratory judgment that declares the relative rights of Plaintiff in connection with Defendants imposition of the revocation of billing privileges.

    c. Issuance of an order certifying a class and extend to it relief in accordance with the rulings of this court.

    d.    Award monetary damages be awarded against Palmetto GBA, LLC.

    e.    Reasonable attorney's fees.

    f.    Court costs.

    g.    All other relief the Court deems appropriate.

Respectfully submitted,

KENNEDY
Attorneys and Counselors at Law

*/s/ Mark E. Kennedy*

_____
MARK S. KENNEDY
State Bar of Texas No. 24000122
RYAN Deutschendorf
State Bar of Texas No. 24060980
12222 Merit Drive, Suite 1750
Dallas, TX 75251
Telephone: (214) 445-0740
Fax: (972) 661-9320
markskennedylaw@msn.com

**ATTORNEYS FOR PLAINTIFF**